[No. 3450.]

## HALL v. BURRELL.

1. SET OFF—*Bank and Depositor—Receiver.* The mutual liabilities of bank and depositor are to be set off against each other, and the depositor's right to the set-off is not impaired by the bank's insolvency.

Appellant was receiver of an insolvent bank. Appellee was a depositor therein, and had a credit at the date of the failure. He had previously executed his note to the bank for a larger amount. The bank had pledged this, with other negotiable paper, to another bank, as collateral security for a loan. Appellee, reserving his right of set-off, had paid this note to the pledgee bank, and certain of the collaterals pledged by the insolvent bank had been returned to the receiver. An order that the receiver should collect the collateral so returned, and make *pro rata* payment out of the proceeds, to the appellee and other depositors similarly situated, in proportion to their several deposits, was affirmed.

2. EVIDENCE—*Agreed Case—Court Not Restricted to.* In considering the petition of a depositor in an insolvent bank against the receiver thereof, to be allowed his deposit as a set-off against his promissory note, which, reserving the right of set-off, he has paid to another bank holding it as pledgee of the payee bank, the court is not limited to the facts set forth in an agreement of counsel upon which the petition is heard. The petition being presented and heard in the cause in which the receiver was appointed, the court may take into consideration other material facts appearing by the record.

*Appeal from Otero District Court.* HON. J. E. RIZER, Judge.

Mr. FRED A. SABIN, for appellant.

Mr. JOHN H. VOORHEES, for appellee.

Presiding Judge SCOTT delivered the opinion of the court.

The following agreed statement presents the facts in this case:

"D. V. Burrell was a depositor of the State Bank of Rocky Ford; that at the time of the failure of said bank he had on deposit in said bank a balance of $627.71; that prior to said date, to-wit, on the second day of October, 1907, he had made and executed to the State Bank of Rocky Ford his certain promissory note for the sum of six thousand dollars, due December 20th, 1907, interest at 10 per cent.; that prior to the maturity of said note the same, together with other notes, were by the State Bank of Rocky Ford assigned, as collateral, to the First National Bank of Pueblo, Colorado, for a loan aggregating the amount of $56,000 made by the First National Bank of Pueblo, Colorado, to the State Bank of Rocky Ford, and for which there was assigned at the time of the closing of the said the State Bank of Rocky Ford, $116,000 of notes; that subsequent to the appointment of the receiver, the petitioner herein, by application to the district court, was granted leave to pay said note to the First National Bank of Pueblo, Colorado, which was demanding payment of the same, without waiver of any rights of off-set which might exist in his favor; that he thereupon paid on said note three thousand dollars; that the note, when hypothecated with the First National Bank of Pueblo, was not yet due; that the debt to secure which this note and others aggregating $116,000 were hypothecated with the First National Bank of Pueblo is not yet fully paid; that none of the collateral so hypothecated has been turned back to the receiver of the State Bank of Rocky Ford; that the balance of the collateral in the hands of the First National Bank of Pueblo, and unpaid is of uncertain value."

Upon hearing the court directed that the receiver collect and pay out of the proceeds of the returned collaterals by the First National Bank of Pueblo, appellee's deposit *pro rata* with others similarly situated, according to the amount of their several deposits. From this order the receiver appealed.

The appellant, the receiver of the State Bank of Rocky Ford, complains, first, that the judgment was rendered upon the basis of a statement of fact by the court not justified by the record. That is to say that the court recites as a statement of fact "that each of the claimants including the appellee having paid the First National Bank of Pueblo their respective notes to the State Bank of Rocky Ford," while it is agreed in the statement of facts admitted, "that he thereupon paid on said note $3,000;" that the note having been for $6,000 it was not paid as recited by the court in the statement entered. Counsel then contends that the court is restricted to the facts admitted in the case, and hence the order of the court, for such reason, may not be sustained. If this were a statement of the whole matter in this regard it is purely technical in this case. But the order appealed from was made in the receivership case proper then pending, and in which the court had before him all the facts bearing upon the receivership. Hence he was not confined to the stipulation for his finding that the entire note had been paid, which must have appeared from the record of the whole case in which he was at that time determining but one feature.

It was admitted by counsel on oral argument that at the time the court entered the order, the en-

tire note had been paid.  If so the court had the fact
before him and it was his duty to take note of it in
entering the order complained of.  The objection
is trivial and without merit, but it is so persistently
urged, that we feel constrained to refer to it.  But
if the court had inadvertently stated the fact as to
whether all or only part of the note had been paid,
it could not effect the order entered in any sense.
It will be observed that the receiver was ordered to
first collect out of the collaterals returned to him by
the First National Bank of Pueblo, and make pro
rata payments, etc.  Now if the note of appellee had
been returned to the receiver with only $3,000 of it
paid, certainly appellee would have been entitled to
his off-set as against the unpaid portion of the note,
and the receiver would be left without ground for
contention at all.

It is the well settled rule in this country that
mutual agreements that are due bank and depositor
may be set-off as against each other, and also that
the bank's authority and duty to do this is continued
to the receiver, and that the depositors' defenses are
not impaired by the bank's insolvency.

But the real contention of the appellant is that
the court erred in holding as a matter of law, that
the receiver should pay to the appellee the pro rata
amount of his deposit out of the proceeds of re-
turned collaterals coming into his hands from the
First National Bank of Pueblo, after the debt to
that bank had been paid.  At the instant of the bank's
failure, appellee had on deposit the sum of $627.71,
and at the same time the bank held appellee's un-
matured note in the sum of $6,000 which had been
deposited, together with other notes owned by the

failed bank, and of the total face value of $116,000 as collateral or to secure the payment of $56,000 owed by the State Bank of Rocky Ford to the First National Bank of Pueblo.

It would appear from the language of the court's order, that there were other depositors in the same situation as the appellee, and that payment was ordered to be made in all of these cases, in proportion to their several deposits.

It should be stated that when the receiver was appointed the appellee filed his claim for the full amount of his deposit, and that before he paid the full amount of his note held by the Pueblo State Bank as collateral, he presented the question to the court and secured an order to the effect that such payment should not prejudice his rights in the premises.

Accepting the rule of off-set as above stated, it would seem that the action of the court in this case was both equitable and just.

Counsel for both parties assert that they have been unable to find but one adjudicated case bearing upon the question under consideration, and that is the case of *Becker v. Seymour,* 71 Minn., 394, wherein the precise question was involved. In that case the depositor had given his note for $500 to the bank and had a deposit of $170 at the time of the failure of the bank. This note with others, and the interest, aggregating a face value of $616,721.69, was pledged to another bank to secure a note of the insolvent bank in the sum of $207,964.68. The pledgee had compelled the payment of the depositor's $500 note and afterward, and upon the payment of the pledgee's note from the insolvent bank, the re-

mainder of the collaterals was returned to the receivers. The depositor secured an order from the court for the payment of his deposit out of the proceeds of the returned collaterals, as in this case, and the order of the court was upheld by the supreme court. The reasoning of the court in that case seems sound and entirely applicable to the case at bar, and is as follows:

"Under these circumstances the respondent was justified in paying the balance of his note under protest, and seeking redress from the receivers. The result of compelling him to pay the balance of $170.90 on his note was to increase the fund in the hands of the receivers arising from the collaterals returned by just that amount, to which neither the receivers nor the general creditors have any equitable claim, for the reasons already stated. If the pledgee had recognized the equity of the respondent, and had not enforced payment of the balance due on the note, but collected the amount thereof from the other collaterals, the note would have been returned to the receivers; and, while the aggregate amount of collaterals returned would not have been thereby changed, yet the fund to be realized by the receivers would have been reduced $170.90 because when the note came back to the receivers the unpaid balance thereon would have been at once canceled by the respondent's deposit. But instead of returning this note, as it ought to have done, the pledgee returned other collaterals of equal amount, against which there was no offset, so far as the record discloses; hence there is no escape from the conclusion that the fund in the hands of the receivers arising from the returned collateral is $170.00 larger than it would have

been if the respondent's equity in the premises had been regarded. In its last analysis, this case is simply one where the receivers have obtained, not from the assets of the insolvent, but from the respondent, through and by the act of the pledgee, $170 which does not equitably belong to them, or to the general creditors. If the receivers are required to repay this sum to respondent, a wrong will be righted, and no injustice done to others. Equity regards that done which ought to have been done, and in this case it will treat the unpaid balance of $170 due on the respondent's note as offset by his deposit of equal amount, and regard his payment of $170 on the note, as against the receivers, as having been made to them, through and by the act of the pledgee, under protest and without consideration, and require them to repay the amount from the fund in their hands arising from the returned collaterals, which was increased pro tanto by such payment."

Judgment is affirmed.

All the judges concurring.

Decided May 13, A. D. 1912. Rehearing denied July 8, A. D. 1912.